1

2

3

4

5   UNITED STATES DISTRICT COURT

6   DISTRICT OF NEVADA

7

8   JIMMY GETTINGS,                    )
                                       )
                    Plaintiff,         )        2:15-cv-02371-JCM-NJK
9                                      )
    vs.                                )        **ORDER AND REPORT**
10                                     )        **AND RECOMMENDATION**
    CHRIS LINK, et al.,                )
11                                     )
                    Defendants.        )
12  _____)

13          Plaintiff is proceeding in this action *pro se*.  On December 10, 2015, Plaintiff requested

14  authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a complaint.

15  Docket No. 1.  On the same date, Plaintiff submitted a motion for filing Lis Pendens with Shasta

16  County Recorder.  Docket No. 2.

17  I.      ***In Forma Pauperis* Application**

18          Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

19  and costs or give security for them.  *Id*.  Accordingly, the request to proceed *in forma pauperis* will

20  be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

21  II.     **Screening the Complaint**

22          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

23  complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action

24  is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When

26  a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the

27  complaint with directions as to curing its deficiencies, unless it is clear from the face of the

28

1  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d

2  1103, 1106 (9th Cir. 1995).

3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

4  for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

5  essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d

6  719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the

7  claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

8  *Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations,

9  it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

10  of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

11  286 (1986)).  The court must accept as true all well-pled factual allegations contained in the

12  complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.

13  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not

14  suffice. *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from

15  plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.  Allegations

16  of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.

17  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se

18  pleadings is required after *Twombly* and *Iqbal*).

19        Plaintiff seeks to proceed against Defendants Chris and Jennifer Link under this Court's

20  diversity jurisdiction.  *See* Docket No. 1-1.

21        The federal venue statute requires that a civil action based on diversity jurisdiction be brought

22  only in (1) a judicial district where any defendant resides, if all defendants are residents in the same

23  State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the

24  claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

25  judicial district in which any defendant is subject to personal jurisdiction at the time the action is

26  commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. §

27  1391(a).  "Under 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the wrong

28  district." *Southland Transit*, 2011 U.S. Dist. Lexis 24761, at *2.

1    In this case, Plaintiff purports to bring a California state law cause of action on the basis of

2    diversity jurisdiction.  *See* Docket No. 1-1. Plaintiff alleges that the events giving rise to his claim

3    occurred in California, and that Defendants are residents of California.  *Id*. at 1-2.  In fact, the

4    District of Nevada is never mentioned in the complaint, except for a bald statement on the first page

5    that Plaintiff lived in Las Vegas for approximately five months beginning in January 2015.  *Id*. at

6    1.  As such, Nevada not a proper venue for Plaintiff's lawsuit against Defendants Chris and Jennifer

7    Link.

8    **III.    Order**

9          **IT IS HEREBY ORDERED** that Plaintiff's application for leave to proceed *in forma*

10   *pauperis*, Docket No. 1, is **GRANTED**.  Plaintiff shall not be required to pay the filing fee of four

11   hundred dollars ($400.00).

12         **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

13   conclusion without the necessity of prepayment of any additional fees or costs or the giving of a

14   security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the

15   issuance of subpoenas at government expense.

16   **IV.    Report and Recommendation**

17         This District is not the proper venue for this action and Plaintiff fails to plead a basis for

18   exercising federal jurisdiction.  Accordingly, the undersigned **RECOMMENDS** that this case be

19   **DISMISSED** with prejudice[1] because amendment would be futile.  *See Lopez v. Smith,* 203 F.3d

20   1122, 1126, 1131 (9th Cir. 2000) (*en banc*) (citing *Doe v. United States*, 58 F.3d 494,497 (9th Cir.

21   1995) (leave to amend should be granted unless amendment would be futile)).

22         IT IS SO ORDERED.

23         DATED: December 11, 2015.

24

25                                                        _____

26                                                        NANCY J. KOPPE
                                                          United States Magistrate Judge

27   _____

28   [1]The Court also recommends that the pending motion for lis pendens, Docket No. 2, be
     **DENIED**.

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).